# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OTIS MERRIT | CIVIL ACTION |
| VERSUS | NO. 16-15651 |
| ROBERT TANNER, WARDEN | SECTION: "F"(5) |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state-court remedies.

## Procedural History

On October 19, 2015, petitioner, Otis Merrit, pleaded guilty as charged to unauthorized use of a motor vehicle and resisting an officer. Merrit was sentenced to five years imprisonment at hard labor and six months imprisonment in parish prison with credit for time served, with the sentences to run concurrently.[1] Merrit did not appeal or seek

---

[1] State Rec., Vol. 1 of 1, Bill of Information; Waiver of Constitutional Rights Plea of Guilty Form; Minute Entry, 10/19/15.

post-conviction relief in the state courts.

On October 10, 2016, he filed the instant federal application claiming that he is being held illegally beyond his calculated release date. Merrit requests immediate release and monetary compensation.[2] The State submits in its response that the application should be dismissed because Merrit has failed to exhaust his state-court remedies.[3] For the following reasons, the Court finds that the federal application is subject to dismissal without prejudice for failure to exhaust state-court remedies.

**Analysis**

Regardless of whether a petitioner is seeking *habeas corpus* relief under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, he must first exhaust his remedies in the state courts before seeking *habeas corpus* relief from the federal courts. *See* 28 U.S.C. § 2254(b)(1) (requiring exhaustion of state remedies in *habeas corpus* actions brought pursuant to § 2254); *see also Edge v. Stalder*, 83 F. App'x 648 (5th Cir. 2003) (exhaustion of state remedies is likewise required in *habeas corpus* actions brought pursuant to 28 U.S.C. § 2241); *Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir. 1987) (same). A petitioner properly exhausts state remedies only by fairly presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144

---

[2] Rec. Doc. 1, 14, Petition and Supplement.

[3] Rec. Doc. 15.

2

L.Ed.2d 1 (1999) (requiring state prisoners, in order to fully exhaust their claims, "to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

Here, the record is undisputed. Merrit has not sought relief in the state courts either on direct appeal or post-conviction review with regard to his state-court conviction or sentence.[4] Nor has he shown that he exhausted administrative review of his claims under Louisiana's Corrections Administrative Remedy Procedure, La. Rev. Stat. § 15:1171 *et seq.*, and the subsequent supervisory review of that procedure by the state courts pursuant to La. Rev. Stat. § 15:571.15. That is, an inmate must fully use the administrative procedure established by the Department of Corrections, or any facility in which he is housed, to resolve any claims related to his confinement, including "time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes." La. Rev. Stat. § 15:1171(B). Upon completion of the administrative process, an inmate may seek judicial review by filing suit in the appropriate state district court. La. Rev. Stat. § 15:1177. The provisions of La. Rev. Stat. § 15:571.15 require that any such suit against the Department of Corrections challenging the computation of an inmate's "sentence or sentences, discharge, ... or any action concerning parole" must first be brought in the 19th Judicial District Court in

---

[4] *See* Rec. Doc. 1, Petition, pp. 3-4 (Questions 8, 10). *See also* Rec. Doc. 15-1, State's Exhibits 1, 2.

East Baton Rouge Parish. Merrit has not indicated that he ever pursued his remedies with the 19th Judicial District or the state appellate courts. Thus, he has not completed state-court review of the administrative procedure as required by Louisiana law. For these reasons, Merrit has failed to exhaust his state-court remedies and his claims should be dismissed without prejudice.[5]

As for Merrit's general request for monetary compensation, the Court notes that he is not entitled to such relief in these proceedings. Federal *habeas corpus* relief does not encompass monetary damages. *Preiser v. Rodriguez*, 411 U.S. 475, 494, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Merrit's application for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the

---

[5] Merrit has not advised the Court of any change in address; however, it appears that he has since been released and is currently subject to supervision by the Covington Probation and Parole Office. (Louisiana Department of Corrections – Offender Locator Service). While this Court is not divested of jurisdiction when a petitioner is subsequently released from prison, arguably his claims still may be rendered moot under certain circumstances. *Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007). Because Merrit's claim has not been exhausted, however, the Court need not reach the merits.

district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[6]

New Orleans, Louisiana, this  13th   day of         April         , 2017.

MICHAEL B. NORTH  
UNITED STATES MAGISTRATE JUDGE

---

[6] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.